```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

_____

RONNIE MONTGOMERY,                 ╎

         Plaintiff,                ╎

vs.                                ╎      No. 05-2823-Ma/An

JOHN E. POTTER, et al.,            ╎

         Defendants.               ╎
                                   ╎
_____

         ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
                         ORDER OF DISMISSAL
           ORDER DENYING ALL REMAINING PENDING MOTIONS AS MOOT
             ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                 AND
                   NOTICE OF APPELLATE FILING FEE
_____

On November 3, 2005, Plaintiff Ronnie Montgomery filed a pro se employment-related complaint alleging that Defendants American Postal Workers Union, AFL-CIO, Memphis Tennessee Area Local ("Local"), American Postal Workers Union, AFL-CIO ("National"), and John E. Potter, United Stats Postmaster General, violated the applicable collective bargaining agreement ("CBA") between the United States Postal Service and Plaintiff's CBA bargaining representative when the Postal Service failed to transfer him to a vacant custodian position at the Southaven, Mississippi Post Office.  Plaintiff further alleges that the Local and National failed to represent him fairly in resolving the grievance.  The Court issued an order on November 18, 2005, directing the Clerk to issue summonses to Plaintiff and Plaintiff to effect service on Defendants.

On May 16, 2006, all Defendants filed motions to dismiss, or in the alternative, motions for summary judgment.  On June 9, 2006,

Plaintiff responded to Defendants' motions.  On September 1, 2006, the Local and the National supplemented their motion for summary judgment.  On September 14, 2006, Defendant Potter supplemented his motion for summary judgment.  On October 16, 2006, Plaintiff responded to the supplemented motions.

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  As the Supreme Court has explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which [she] has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citation omitted).

Under Fed. R. Civ. P. 56(e), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most

favorable to the party opposing the motion." <u>Kochins v. Linden-Alimak, Inc.</u>, 799 F.2d 1128, 1133 (6th Cir. 1986); <u>see also</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986) (same).[1]

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Id.</u> at 252. The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. <u>Id.</u> at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u> at 251-52.

The undisputed facts relevant to Defendants' motions for summary judgment are as follows:

> (1) The Plaintiff has been an employee of the Postal Service since January, 1990. Since 2003, his position has been labor custodian PS3. (Complaint, p. 1, unnumbered para. 2)

---

[1]     Rule 56(e) sets forth in detail the evidentiary requirements applicable to a summary judgment motion:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to all the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

(2)  As a Postal Service employee, Plaintiff's employment terms were subject to the CBA negotiated between the Postal Service and the National. (Decl. of Lee Price, Exhibit 2 to Union Defendants' memorandum in support of motion, para. 4)

(3)  Plaintiff's local union branch is the Local. (Price decl., para. 3)

(4)  Article 15 of the CBA provides a four-step procedure for handling grievances.  (Price decl., para. 5, Exhibit B, copy of Article 15 of the CBA) A grievances is defined under the CBA as a "dispute, difference, disagreement or complaint between the parties related to wages, hours, and conditions of employment." (Id.)  A grievance includes complaints by employees or the Union which involve the interpretation, application of, or compliance with the provisions of the CBA between the National and the Postal Service.  The final step in the grievance process is arbitration. (Id.)

(5)  Plaintiff submitted a request to transfer from the Memphis, Tennessee Bulk Mail Center to a custodian position at the Southaven, Mississippi Post Office on November 5, 2004. (Price decl., para. 6, Exhibit C, November 5, 2004 request)

(6)  The Postal Service denied Plaintiff's request on November 16, 2004, based on Plaintiff's accident history and the Postal Service's decision to award the vacant custodial position through the internal downgrade of an employee at the Southaven, Mississippi Post Office.  (Price decl., para. 7, Exhibit D, November 16, 2004 denial of reassignment request and December 15, 2004 email from Rita Rowe to Charley Gross)

(7)  Plaintiff filed Local Grievance MB04-691-C on or about December 10, 2004 on his own behalf, challenging the Postal Service's denial of his request for a transfer and the internal downgrade of a letter carrier to the position he sought.  (Price decl., para. 8, Exhibit E, Grievance Logbook)

(8)  Shortly after filing Local Grievance MB04-691-C, Plaintiff filed Local Grievance No. MM04-724-C, on or about December 17, 2004.  Although styled as a class action suit on behalf of employees requesting transfer to the custodial position at Southaven, the basis for Local Grievance No. MM04-724-C is identical to Local Grievance No. MB04-691-C and encompasses the same claims.  Local Grievance No. MM04-724-C also challenges the Postal Service's internal assignment of a letter carrier to the vacant custodial position at the Southaven, Mississippi Post Office and specifically names Plaintiff as the employee aggrieved by the Postal Service's internal downgrade of the letter carrier and denial of

4

Plaintiff's request for transfer. (Price decl., para. 9, Exhibit F, Grievance Summary Step 1, Step 2 Grievance Appeal Form) The Local and the National decided not to pursue Local Grievance MB04-691-C to arbitration and it was settled on May 5, 2005. By settling Local Grievance MB04-691-C, the Local and the National avoided pursuing two grievances involving the same issues before two separate arbitrators. (Id.)

(9)   The Postal Service denied Local Grievance No. MM04-724-C at Step 2 on January 21, 2005, and Plaintiff appealed the grievance to Step 3 on February 1, 2005. (Price decl., para. 10, Exhibit G, January 21, 2005 Step 2 denial and Step 3 Grievance Appeal form)

(10)  Local Grievance No. MM04-724-C reached the final step of the grievance/arbitration process and was heard before Arbitrator William Holley, Jr. on May 5, 2006. On July 9, 2006, Holley issued an arbitration decision granting the Union Defendants' grievance filed on behalf of Plaintiff, determined that the Postal Service had violated the applicable CBA by denying Plaintiff's transfer request and ordered the Postal Service to transfer Plaintiff to the Southaven, Mississippi Office. (Exhibit A to Union Defendants' supplemental memorandum)

Because Plaintiff received a favorable arbitration decision on July 9, 2006, the Court need only discuss the bases for summary judgment contained in the supplemental memoranda the Defendants have filed. Defendants Local and National contend that Plaintiff's claim that they mishandled the grievance challenging the Postal Service's denial of his transfer request no longer exists because the arbitrator upheld the grievance, found that the denial of the transfer violated the CBA, and ordered that Plaintiff be made whole by effecting his requested transfer. Defendant Potter contends that, because Montgomery cannot demonstrate that the Local and the National violated their duty of fair representation, his claim against Potter cannot succeed.

Plaintiff has brought a "hybrid" action pursuant to § 1208(b). A hybrid action combines a statutory breach of contract claim against

the employer with a judicially created duty of fair representation claim against the union. <u>Vaca v. Sipes</u>, 386 U.S. 171, 185-87 (1967). To recover against either Defendant, Plaintiff must show both that (i) the employer breached the collective bargaining agreement and (ii) the union breached its duty of fair representation. <u>Roeder v. American Postal Workers Union, AFL-CIO</u>, 180 F.3d 733, 737 (6th Cir. 1999); <u>Black v. Ryder/PIE Nationwide, Inc.</u>, 15 F.3d 573, 583-84 (6th Cir. 1994); <u>Bagsby v. Lewis Bros., Inc.</u>, 820 F.2d 799, 801 (6th Cir. 1987). If Plaintiff's claim for breach of the duty of fair representation against the Local and the National does not survive summary judgment scrutiny, his claim against Potter must also fail as a matter of law. <u>Black v. Ryder/P.I.E. Nationwide, Inc.</u>, 930 F.2d 505, 510 (6th Cir. 1991).

Where a collective bargaining agreement provides for binding arbitration, where the union has processed an employee's grievances through arbitration, and where a final arbitration decision has been rendered, a plaintiff cannot succeed on his fair representation claim against the union unless he shows breach of the union's duty of fair representation and a causal connection between that breach and an erroneous arbitration decision. <u>Hines v. Anchor Motor Freight, Inc.</u>, 424 U.S. 554, 570-71 (1976).

> Thus, the validity of any hybrid 301 claim is anchored as equally in a finding that the union has breached its duty of fair representation as it is in a finding that the collective bargaining agreement has been breached and that an arbitrator or its equivalent erroneously failed to rule in favor of the grievant employee. Supreme Court and Sixth Circuit precedent teaches that a federal court's jurisdiction to review an arbitrator's decision is predicated on an allegation that the arbitrator reached an erroneous decision. . . . In the context of a hybrid 301 action, absent a finding that an erroneous arbitral

decision has been reached, the inquiry into the union's failure to comply with its duty of fair representation becomes immaterial, and is not justiciable.

White v. Anchor Motor Freight, Inc., 899 F.2d 555, 560 (6th Cir. 1990).

Plaintiff cannot raise a triable issue of fact about whether the Local or the National breached its duty of fair representation in handling the grievance about his transfer request where the arbitrator upheld the grievance, found the action of the Postal Service in denying Plaintiff's request violated the CBA, and ordered that Plaintiff be made whole. Plaintiff was granted the precise remedy he sought in his grievance and the outcome he requested. The Local and the National Defendants' motion for summary judgment is GRANTED.

Plaintiff has failed to create a genuine issue of material fact about whether the Local or the National breached its duty of fair representation. It follows that if the Local and the National did not breach their duty of fair representation, the complaint must be dismissed as to all Defendants. Bagsby, 820 F.2d at 801. Therefore, Plaintiff's claims against Defendant Potter must also fail as a matter of law. Potter's motion for summary judgment is GRANTED. All remaining outstanding motions are DENIED as moot because of the dismissal of this action.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callahan v. Schneider, 178

F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that, if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal in forma pauperis, the party must file his motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that led the Court to grant summary judgment for Defendants compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. If Plaintiff files a notice of appeal, he must pay the full appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

IT IS SO ORDERED this 28th day of March, 2007.

s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]   The appellate filing fee is currently $455.